FILED
SUPERIOR COURT
OF GUAM

2023 JAN 24 AM 9: 00

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KAMLESH K. HEMLANI, individually and derivatively in the name of and on behalf of RADHI PURAN TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>MANU & ANITA MELWANI, JETHMAL K. MELWANI, ISHWAR P. HEMLANI, VINOD I. & YOGITA V. HEMLANI, DAHI P. HEMLANI ESTATE, PARAMANAND MELWANI ESTATE, RADHI'S FOUNDATION, RADHI PURAN TRUST, PACIFIC RAINBOW, INC., SAFETY 1ST SYSTEMS INC., PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, VASUDEV B. HEMLANI, P.D. HEMLANI FOUNDATION, LTD., CHITRA HEMLANI, SONA HEMLANI, PADI DARYANANI, and DOES 1-95,<br><br>Defendants. | Case No. CV1527-13<br><br>**DECISION AND ORDER**<br>**(Verified Objection for Recusal of Judge)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on November 21, 2022, for the limited purpose of addressing Kamlesh K. Hemlani's ("Plaintiff") Verified Objection for Recusal of Judge ("Objection for Recusal"). Plaintiff seeks to recuse the Honorable Alberto C. Lamorena, III from presiding over the underlying case. Attorney Thomas M.

Tarpley represents Plaintiff. Having considered the arguments and applicable law, the Court hereby **DENIES** Plaintiff's Objection for Recusal.

## BACKGROUND

Plaintiff's claims in this case originated in CV0758-12, where Defendant sought a declaration of the Court that Radhi Hemlani—settlor and trustee of the Radhi Puran Trust—was incapacitated. Verified Complaint (Jury Trial Demand), June 25, 2012. Plaintiff also sought the Court remove Radhi Hemlani as trustee and name Plaintiff as trustee. *Id.* On July 10, 2013, Presiding Judge Lamorena issued a decision and order granting Defendant's Motion to Dismiss and ordering CV0758-12 dismissed. Decision and Order on Joint Mot. to Dismiss, July 10, 2013. Presiding Judge Lamorena reasoned that Plaintiff did not have standing because Defendant was still alive and there was no finding of her incompetence. *Id.* On August 13, 2013, Radhi Hemlani died, making the reasons stated for the dismissal moot. Suggestion of Death; Exhibit A, Aug. 28, 2013.

Plaintiff filed a new complaint, which created this case. Dec. 17, 2023. This case was originally assigned to the Honorable James L. Canto II. Notice of Judge Assignment, Feb. 13, 2014. On July 14, 2015, Judge Canto issued a decision and order granting the defendants' Motion to Dismiss and ordering CV1527-13 dismissed. Decision and Order, July 14, 2015. Plaintiff appealed, and the Supreme Court of Guam reversed Judge Canto's rulings and remanded the case for further proceedings. *Kamlesh K. Hemlani v. Anita & Manu Melwani,* 2016 Guam 33.

On remand, this case was assigned to Presiding Judge Lamorena. Notice of Judge Assignment, Nov. 7, 2017. Presiding Judge Lamorena issued a decision and order granting the Defendants' Motions for Summary Judgment and ordering CV1527-13 dismissed. Decision

and Order, June 18, 2018. Presiding Judge Lamorena reasoned that Plaintiff could not bring a lawsuit on behalf of the trust because he did not have permission of at least one other co-trustee. *Id.* Additionally, Plaintiff did not have standing to challenge the MOS and the distributions made therefrom. *Id.* Plaintiff appealed, and the Supreme Court of Guam affirmed the dismissal for lack of standing against the named estates or trusts, reversed the dismissal for lack of standing against the individual defendants, and remanded the case for further proceedings. *Kamlesh K. Hemlani v. Anita & Manu Melwani*, 2021 Guam 26.

Presiding Judge Lamorena also presides over PR0123-13, which is a probate case concerning Radhi Hemlani's estate. Notice of Judge Assignment, Aug. 31, 2018. Proceedings in PR0123-13 were stayed pending the appeal in CV1527-13. Order Staying Proceedings, Dec. 11, 2015. The stay was lifted after the Supreme Court of Guam remanded proceedings in CV1527-13. Decision and Order Granting Estate of Radhi P. Hemlani's Motion to Lift Stay, Aug. 15, 2022.

## DISCUSSION

Title 7 G.C.A. § 6105 governs whether substantive grounds exist for disqualification under 7 G.C.A. § 6107. *Van Dox*, 2008 Guam 7 ¶ 18. A judge shall be disqualified from "any proceeding in which his or her impartiality might reasonably be questioned. . ." 7 G.C.A. § 6105(a). Such impartiality can be demonstrated:

    (1) Where he or she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

    (2) Where in private practice he or she served as a lawyer in the matter in controversy, or a lawyer with whom he or she previously practiced law served during such association as a lawyer or either has been a material witness concerning the matter;

(3) Where he or she has served in governmental employment and in such capacity participated as counsel, advisor, or material witness concerning the proceeding or, as such government employee, expressed an official opinion concerning the merits of a particular matter in controversy;

(4) Where he or she knows that he or she, individual or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in the subject matter in controversy or is a party to the subject matter in controversy or is a party to the proceeding, or in any other interest that could be substantially affected by the outcome of the proceeding;

(5) Where he or she or his or her spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:

(A) is a party to the proceeding, or an officer, director, or trustee of a party;
(B) is acting as a lawyer on the proceeding;
(C) is known by the Judge to have an interest that could be substantially affected by the outcome of this proceeding;
(D) is to the Judge's knowledge likely to be a material witness in the proceeding.

7 G.C.A. § 6105(b).

Plaintiff requests the Court recuse Presiding Judge Lamorena from this case, arguing "[t]he pattern of repeated dismissals of Kenny's lawsuits on meritless grounds for over 9 years is objective appearance of such bias, for whatever the reason." Objection for Recusal at 5. "Plaintiff does not believe that he can get fair, impartial rulings from Judge Lamorena." *Id.* Presiding Judge Lamorena denies that Plaintiff provided a reasonable basis for disqualification, asserting that Presiding Judge Lamorena has ruled consistently with his understanding of the law. Answer to Verified Objection got Recusal of Judge at 3–4, Nov. 18, 2022.

Plaintiff does not allege that Presiding Judge Lamorena participated in the case as a lawyer in private practice, nor that he is a material witness concerning the matters, nor that he or some person within the third degree relationship to him retains an interest in the proceeding. Instead, Plaintiff's objection rests exclusively on 7 G.C.A. § 6105(b)(1); Plaintiff contends that

Presiding Judge Lamorena has a personal bias or prejudice concerning Plaintiff. When evaluating such a contention, the Supreme Court of Guam has instructed that "what matters is not 'actual bias,' but the 'appearance of bias.'" *Van Dox v. Superior Court of Guam*, 2008 Guam 7 ¶ 32 (quoting *Dizon v. Superior Court of Guam*, 1998 Guam 3 ¶ 10, n.3). The appearance of bias is judged from the standard of a reasonable person given all the relevant facts in the controversy. *Id; see also Ada v. Gutierrez*, 2000 Guam 22 ¶ 12.

In *Liteky v. United States*, 510 U.S. 540 (1994), the Supreme Court of the United States confronted the issues Plaintiff raised in the context of 28 U.S.C. § 455, the federal law upon which 7 G.C.A. § 6105 is derived, and which reads almost verbatim as its source. Plaintiff emphasizes that Presiding Judge Lamorena's dismissals in his three cases demonstrates bias. Objection for Recusal. The Court disagrees. "First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. "Almost invariably, they are proper grounds for appeal, not for recusal." *Id.* As a result, the Court examines Presiding Judge Lamorena's rulings for any appearance to the reasonable person of bias or impartiality.

Plaintiff criticizes Presiding Judge Lamorena's dismissal of CV0758-12 because the reasons for dismissal became moot after Presiding Judge Lamorena issued his Decision and Order. Objection for Recusal 2. However, Plaintiff did not file a motion for reconsideration prior to Presiding Judge Lamorena the Judgment. Plaintiff states that he informed the Court he would be filing a motion for reconsideration following Radhi Hemlani's death. Objection for Recusal at 2. The Court finds that the reasonable person would not find an appearance of bias in Presiding Judge Lamorena's dismissal; he dismissed the case prior to his reasons for dismissal becoming moot. Additionally, Presiding Judge Lamorena's decision to sign the

Judgment of Dismissal prior to Plaintiff filing a motion for reconsideration may have been inconvenient or an oversight, but the reasonable person does not see bias in that decision.

Plaintiff also maintains that Judge Canto's dismissal of this case and the Supreme Court of Guam's reversal of his decision demonstrates Presiding Judge Lamorena's bias against Plaintiff. It is not clear to the Court how Judge Canto's decision—an entirely separate judge from Presiding Judge Lamorena—would have involved Presiding Judge Lamorena in any way. Accordingly, the Court finds that it is nearly impossible for the reasonable person to find that Judge Canto's actions show bias on the part of Presiding Judge Lamorena.

Plaintiff claims that Presiding Judge Lamorena's most recent rulings in this case "were found to be meritless by the Supreme Court." Objection for Recusal at 3. The Court first notes that that the Supreme Court of Guam did not find Presiding Judge Lamorena's rulings "meritless;" the Supreme Court of Guam affirmed Presiding Judge Lamorena's decision in part and reversed and remanded in part. *Kamlesh K. Hemlani v. Anita & Manu Melwani*, 2021 Guam 26. The Court finds that the reasonable person does not find the appearance of bias in Presiding Judge Lamorena's decision to dismiss the case or the fact that the Supreme Court of Guam reversed his decision in part. Rather, the reasonable person would see that Presiding Judge Lamorena ruled consistently with his understanding of the law, and in doing so, interpreted the law differently that the Supreme Court of Guam did.

Plaintiff also argues that Presiding Judge Lamorena's rulings in PR0123-13 illustrate his bias towards Plaintiff. The Court finds nothing in Presiding Judge Lamorena's statement that Plaintiff "no longer has an interest warranting protection in contesting the 2011 Will with the 2004 Will" demonstrates the appearance of bias to the reasonable person. Presiding Judge Lamorena's decision is consistent with the Supreme Court of Guam's ruling. *See* 2021 Guam

26 ¶ 9 (finding Plaintiff's claims against "certain trusts and estates cannot proceed because those entities cannot be sued in their own names"). Plaintiff points to Presiding Judge Lamorena's statement in PR0123-13 that the Estate can "escape the purgatory it's been in for the past six years" as evidence of Presiding Judge Lamorena's bias. Objection for Recusal at 4 (quoting Decision and Order Granting Estate of Radhi P. Hemlani's Motion to Lift Stay, Aug. 15, 2022). However, such statement does not support grounds for recusal because ". . . judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Liteky*, 510 U.S. at 555.

Finally, Plaintiff implies that Presiding Judge Lamorena has intentionally declined to hold hearings on the motions filed in his three cases. Objection for Recusal at 5. The Court finds that reasonable person would not view the delay in motion hearings to constitute an appearance of bias, especially because Presiding Judge Lamorena gives priority to his asserted criminal docket priority.

## CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Objection for Recusal.


SO ORDERED, this _____ day of **JAN 2 4 2023** ~~2022.~~

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam